JESSE B. COLEMAN, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Upon a claim submitted to the Board of Claims these facts appeared: In 1822 the state diverted a portion of the waters of a river and turned them into a creek which flows through claimant's farm, at a point above said farm, and has since used the waters to feed the Erie canal. Under the act of 1887 (Chap. 424, Laws of 1887), authorizing the superintendent of public works to widen and deepen said creek, the state entered into a contract for the work, by the terms of which the material to be removed was to be deposited where directed by the state engineer. A large quantity of rock taken from the bed of the stream was deposited by the contractor on claimant's land. It did not appear that the state ever acquired title to any part of claimant's farm, or the right to enter upon or remove any part of it, or that the state has occupied the land entered upon under claim of exclusive ownership. *Held,* that assuming the state had acquired the right to so divert the waters from the river to the creek, and to use the latter as a feeder to the canal, this did not confer the right to broaden and deepen the creek, and for the injury caused the state was liable; that the entry of the state and its direction to the contractor to remove the stone being a trespass, it became liable for all the trespasses committed with the knowledge and acquiescence of its agent, the contractor, in executing the contract; and so, that a decision of the board awarding nothing to the claimant on the ground that the wrongs complained of were committed, not by the state, but by the contractor, was error.

It did not appear that the claimant requested the board to find facts and conclusions of law, or that he excepted to the facts found or the conclusions of law. The notice of appeal stated the grounds upon which it was taken. *Held,* that this was sufficient under the statute regulating appeals from decisions of said board (§ 10, chap. 205, Laws of 1883) to enable the appellant to raise the questions presented by the notice.

(Argued June 16, 1892; decided October 1, 1892.)

APPEAL from a final award of the Board of Claims denying any relief to the claimant.

The facts, so far as material, are stated in the opinion.

*John J. Ryan* for appellant.

*S. W. Rosendale, Attorney-General,* for respondent.

FOLLETT, Ch. J.   The claimant's farm of 75 acres is situated in the town of Shelby, and is bounded on its westerly side by Oak Orchard creek, which rises some distance south of the farm and not far from the headwaters of the Tonawanda river.   In 1822, the state dammed the river and constructed an artificial water-way by which part of its waters were diverted from the river and turned into the creek at a point about two miles above or south of the claimant's farm. About four miles below or north of this farm at the village of Medina, the creek crosses the Erie canal where part of its waters have been used to feed the canal, since 1822.   From Medina the creek flows northeastwardly and empties into Lake Ontario.   The creek is about forty feet wide where it crosses claimant's farm, and prior to the acts complained of was quite shallow.   One of the highways of the town of Shelby extends through the claimant's farm substantially on the east bank of and parallel to the creek.   Between the west line of the traveled part of this highway and the line of high-water mark, there is land varying from ten to thirty feet in width, which, previous to 1887, was smooth, capable of cultivation, and from which the creek was easily accessible.   From four to six rods east of the highway are the claimant's farm-house and outbuildings.   By chapter 424 of the Laws of 1887, the superintendent of public works was authorized to widen (by how much is not stated) and to increase by two feet the depth of the channel of Oak Orchard creek from the point where the Tonawanda river is discharged into the creek to a point three miles below.   Pursuant to this statute the state, by its said superintendent, and George M. Taylor, on the 28th day of July, 1887, entered into a written contract by which the latter contracted to widen by 15 feet and deepen by two feet the creek across the plaintiff's farm for certain sums per cubic yard, for material removed, and

deposit it where directed by the state engineer. The engineer employed by the state set a line of stakes three or four feet east of the top of the slope of the bank of the creek and directed that no material taken from the creek should be deposited between it and that line of stakes. During 1887 and 1888, upwards of a thousand cubic cords of rock were taken from the bed of the creek by the contractor and deposited on both sides of the highway on the claimant's premises. September 19, 1888, his claim was filed, which was tried in June, 1889, and in December, 1889, an award was made by which it was decided that he was not entitled to recover anything, although it was found as a fact that he was damaged by piling stone upon his land, and in various ways not necessary to here mention. The claimant was denied any relief as against the state upon the ground that the wrongs complained of were committed, not by the state or its agents but by the contractor. The board found in effect that the claimant's land extended to the center of the creek, which was its western boundary, but failed to take into consideration the fact that the state entered upon the land between the center of the stream and the line of stakes set on its eastern bank and directed the removal of material therefrom.

There is no finding that the state ever acquired by gift, grant or by the right of eminent domain, title to any part of this land or the right to enter upon and remove any portion of it, and there is no evidence in the record which would sustain such a finding. The only evidence bearing upon this question is the concession that the creek had been used as a feeder for the canal since 1822.

There is no evidence that the state has occupied the whole of the land which it entered upon claiming to be its exclusive owner, and for this reason the evidence is insufficient to have authorized the board to have found that the state had acquired title to all or some portion of this land by adverse possession. The right to divert water from the Tonawanda river to this stream and use it six or seven miles below for supplying the canal, which we will assume might be ácquired by adverse

user, would not of itself confer the right upon the state to broaden and deepen the bed of the stream.

For the injury caused by entering upon this strip of land by the state it was liable, and the board erred in refusing the claimant any relief. The entry of the state upon the land and its direction to the contractor to excavate and remove the stone therefrom being wrongful — a trespass — it became liable for all trespasses committed by the contractor with the knowledge and acquiescence of its agents in executing the contract.

Whether the state is liable for the acts of the contractor in piling the waste material upon the claimant's land in case the state had the right to remove the material from the bed of the stream depends upon whether those trespasses were directed, authorized or sanctioned by the state. This was a question of fact which was litigated on the trial now being reviewed, and may again be in case the claim is re-tried and the evidence and finding may be different, so the findings and evidence bearing upon this question need not now be discussed.

It does not appear that the claimant requested the board to find facts and conclusions of law, nor that he excepted to the facts found or conclusions of law. The statute regulating appeals from the decisions of the Board of Claims, provides that an appeal may be taken to the Court of Appeals upon questions of law only arising upon the hearing of the claim, and that every appeal shall be in writing and briefly state the grounds upon which it is taken. (§ 10, chap. 205, Laws of 1883.)

In this case the questions above discussed were specified in the notice of appeal served which was sufficient to enable the appellant to raise the questions although he had not served and filed exceptions as he might well have done.

The final award or order should be reversed and a new hearing ordered with costs to abide the event.

All concur.

Award reversed.